**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theresa Garner, | No. CV-11-508-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| United States Department of Commerce; United States Bureau of Census Decennial; Kathryn H. Anderson, | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3), which will be granted. The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's Complaint is dismissed.

**I.     Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

    **A.     Legal Standards**

        **1.     28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings

1  not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It
2  is also clear that section 1915(e) not only permits but requires a district court to dismiss an
3  in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. If the
4  Court determines that a pleading could be cured by the allegation of other facts, a *pro se*
5  litigant is entitled to an opportunity to amend a complaint before the dismissal of the action.
6  *See Lopez v. Smith,* 203 F.3d 1122, 1127-1129 (9th Cir. 2000) (*en banc).*

7  The Court should not, however, advise the litigant how to cure the defects. This type
8  of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v.*
9  *Ford,* 542 U.S. 225, 231 (2004); *see also Lopez,* 203 F.3d at 1131 n. 13 (declining to decide
10 whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint
11 will be dismissed for failure to state a claim, with leave to amend because it may be possible
12 for Plaintiff to assert claims that are appropriately brought in federal court.

13 **2.      Rule 8, Federal Rules of Civil Procedure**

14 A claim must be stated clearly enough to enable each defendant to frame a responsive
15 pleading. A complaint must contain "a short and plan statement of the claim showing that
16 the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple,
17 concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, the complaint must include "a
18 demand for the relief sought. . . ." Fed. R. Civ. P. 8(a)(3). Finally, it must also have "a
19 short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P.
20 8(a)(1).

21 In order to assist litigants to understand the Rule 8(d) requirements that averments "be
22 simple, concise and direct, Rule 84 of the Federal Rules of Civil Procedure provides samples
23 in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of
24 statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.
25 1996). Examples of types of complaints for different types of claims are contained in forms
26 10 through form 21. In addition to setting forth why the federal court has jurisdiction over
27 Plaintiff's claims a complaint should fully set forth "who is being sued, for what relief, and
28 on what theory, with enough detail to guide discovery." *McHenry*, 84 F.3d at 1177. In

1 addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los
2 Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

      **B.**      **Analysis**

          **1.**      **Plaintiff's Complaint**

5      Plaintiff's complaint falls short of satisfying the requirements of Rule 8. It does not
6 allege a legal basis for this Court to exercise jurisdiction over this lawsuit. To the extent that
7 Plaintiff seeks to bring a claim for discrimination under Title VII, Plaintiff must first exhaust
8 the procedure available to make her claim with the Equal Employment Opportunity
9 Commission. Plaintiff has failed to certify that she has exhausted that procedure. *Sommatino
10 v. U.S.*, 255 F3d 704 (9th Cir. 2001). She has not established, therefore, that this Court has
11 jurisdiction over her claim.

          **2.**      **Leave to Amend**

13      Plaintiff will be given an opportunity, if she so chooses, to amend her complaint. In
14 the amended complaint, Plaintiff must state what rights she believes were violated. *See Rizzo
15 v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set
16 forth in a separate count. The amended complaint must also state why the federal court has
17 jurisdiction over Plaintiff's claims. Any amended complaint filed by Plaintiff must conform
18 to the requirements of Rule 8(a)( and (d)(1) of the Federal Rules of Civil Procedure.

19      Plaintiff is advised that if she elects to file an amended complaint and if she fails to
20 comply with the Court's instructions explained in this Order, the action will be dismissed
21 pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil
22 Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended
23 complaint that did not comply with Rule 8(a); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d
24 671, 673-74 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint
25 that was "so verbose, confused and redundant that its true substance, if any [was] well
26 disguised").

27     **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District
28 Court Without Prepaying Fees or Costs (Doc. 3) is granted. Plaintiff shall be responsible for

1  service by waiver or of the Summons and Complaint.

2  **IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's
3  Complaint is dismissed for failure to comply with Rule 8, with leave to file an amended
4  complaint by **April 29, 2011**.

5  **IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint
6  by **April 29, 2011**, the Clerk of Court shall dismiss terminate  this action without further
7  Order of the Court.

8  **IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint,
9  the complaint may not be served until and unless the Court screens the amended complaint
10  pursuant to 18 U.S.C. § 1915(e)(2).

11  DATED this 31st day of March, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -